```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

JERRY T. BURKE,

    Plaintiff,

vs.          No. 06-2828-B/P

STATE OF TENNESSEE, et al.,

    Defendants.

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

Plaintiff Jerry T. Burke, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on December 7, 2006 concerning his prior imprisonment at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, where his Tennessee Department of Correction prisoner number was 142942. The Clerk shall record the defendants as the State of Tennessee and Alex Weaks, a maintenance worker employed at the NWCX.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This claim has no connection with the Western Division of this district apart from the fact that Plaintiff currently resides in Memphis. The individual defendant is employed at the NWCX and

the allegedly wrongful acts occurred at the NWCX.[1] The NWCX is located in Lake County, Tennessee, which is in the Eastern Division of this district. 28 U.S.C. § 123(c)(1). Accordingly, the complaint asserts no basis for venue in the Western Division of this district.

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

For the reasons stated, this action should have been brought in the Eastern Division of this district. Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Eastern Division of the Western District of Tennessee. The Clerk is directed to reassign the case to an Eastern Division judge.

IT IS SO ORDERED this 3rd day of May, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] The complaint contains no allegations concerning the residence of the individual defendant, so that factor provides no basis for venue in this division.